UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUELL FAMILY TRUST, TODD ALAN DUELL, Todd Alan Duell, living man, Trustee, Secured Party, Creditor, Holder In Due Course, Real Party In Interest,<br><br>Plaintiff,<br><br>v.<br><br>GOSCH FORD, individual; MATT GOSCH, Owner, individual; FORD MOTOR CREDIT COMPANY, individual; MARION HARRIS, CEO, individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 24-CV-316 JLS (VET)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT.**<br><br>(ECF Nos. 1, 2) |

Presently before the Court is Plaintiff Todd Alan Duell's Complaint ("Compl.," ECF No. 1)[1] and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Having carefully considered Plaintiff's Complaint, Plaintiff's submissions, and the applicable law, the Court **DENIES WITHOUT PREJUDICE**

---

[1] All citations to the Complaint refer to the blue page numbers affixed to the top-left corner of each page in CM/ECF.

Plaintiff's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failure to pay the required filing fee.

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[2] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), which reads as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity,

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) judicial conference schedule of fees, district court misc. fee schedule ¶ 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981)).

Here, Plaintiff indicates that he has no income save $290 per month in welfare benefits, no employer, no financial accounts, and no assets. IFP Appl. at 1–3. Plaintiff also reports that he has no monthly expenses. *Id.* at 4–5. If the information provided by Plaintiff is true, Plaintiff is entitled to proceed IFP. *See Escobedo*, 787 F.3d at 1235.

But the information provided in the Complaint is inconsistent with Plaintiff's IFP Application. In Paragraph 24 of his Complaint, Plaintiff indicates that he has a "TDA bank account." Compl. at 17. Yet in his IFP application, Plaintiff indicates "N/A" with respect to his accounts in financial institutions and explains that "[t]he Trust currently does not have a bank account or any property as a result of embezzlement." IFP Appl. at 2, 5. This inconsistency raises the question of whether Plaintiff has accurately reported the entirety of his income, assets, and accounts, whether associated with the Duell Family Trust, TODD ALAN DUELL, or Todd Alan Duell.

Furthermore, the Court does not find it credible that Plaintiff has no expenses whatsoever. *See Baker v. United States*, No. C23-1417-RSM, 2023 WL 6041706, at *1 (W.D. Wash. Sept. 14, 2023) ("[I]n indicating he has no expenses, Plaintiff does not provide any information on how he pays for food, shelter, and any other basic life necessities."), *report and recommendation adopted sub nom. Baker v. U.S. Dist. Ct.*, No. C23-1417 RSM, 2023 WL 6038008 (W.D. Wash. Sept. 15, 2023); *Aphrodite v. Rego*, No. 22-CV-1597 JLS (DEB), 2022 WL 17097434, at *1 (S.D. Cal. Nov. 21, 2022) ("The Court finds it incredible that Aphrodite has no assets, income, expenses, or debts whatsoever . . . .). The Court has routinely granted IFP applications where plaintiffs have indicated that their expenses represent a substantial portion of their monthly income. *See, e.g.*, *Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (WVG), 2022 WL 19830146, at *1 (S.D. Cal. Oct. 7, 2022). But because it lacks any information regarding Plaintiff's expenses, the Court cannot make such a finding in this case.

Given the inconsistency between Plaintiff's Complaint and Plaintiff's IFP Application—and the lack of detail Plaintiff provides regarding his expenses—Plaintiff has not alleged with sufficient certainty that he would be unable to afford the necessities of life should he be required to pay the requisite filing fee. Accordingly, the Court **DENIES** Plaintiff's IFP Application **WITHOUT PREJUDICE**. Plaintiff may file a new IFP application that (1) explains the inconsistency between his Complaint and IFP Application regarding his financial accounts and (2) provides full and accurate information regarding the income, assets, expenses, and financial accounts associated with the Duell Family Trust, TODD ALAN DUELL, and Todd Alan Duell.

## CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a).

To proceed in this matter, Plaintiff must either (1) pay the requisite filing fees or (2) file a new IFP application clarifying the status of his financial accounts and providing full and accurate information regarding his finances.

The Court **GRANTS** Plaintiff forty-five (45) days from the date of this Order to satisfy these requirements. Should Plaintiff fail to respond adequately by the deadline set forth in this Order, the Court will enter a final order dismissing this action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: February 26, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge